## HOLMES v. ELLIS.

No. 14586—Opinion Filed Jan. 15, 1924.

Rehearing Denied April 22, 1924.

**1. Chattel Mortgages — Unconditional Release—Evidence to Dispute.**

Where a chattel mortgage is executed on January 12, 1920, to secure the payment of a promissory note for $1,200, and on the 12th day of January, 1921, following, the mortgage is released of record by the mortgagee and another mortgage executed by the mortgagor to secure the payment of a renewal note of that date for $1,000, together with the sum of $855 to cover future advances, and where the latter mortgage contains a provision that it is not intended to release the former mortgage, but is intended as additional security thereto, the mortgagee by virtue of the unconditional release of the former mortgage waives and abandons the benefit of said provision of the last mortgage with reference to the continuation of the lien thereof and cannot be heard for the first time in the Supreme Court as against the claim of an intervening good faith purchaser of property covered by the former mortgage to insist that said provision of the latter mortgage is controlling and that testimony of said mortgage should be disregarded.

**2. Same—Substituted Mortgage.**

Record examined, and held, that the undisputed evidence shows that the mortgage of January 12, 1921, was a new and independent transaction entered into with the intent to extinguish the mortgage of January 12, 1920, and to substitute therefor the mortgage of January 12, 1921.

**3. Same—Verdict—Evidence.**

Record in the instant case examined and held, that the verdict of the jury is reasonably supported by the evidence in the case.

**4. Appeal and Error — Harmless Error — Instructions.**

Where certain instructions complained of could not have operated to the prejudice of the complaining party, although under some given facts it would have been prejudicial, a reversal does not follow.

**5. Same.**

Although an instruction may contain an improper statement of the law, if it is clearly apparent from the whole record that no prejudice in fact resulted therefrom, the error will not be considered.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by P. K. Holmes against W. R. Ellis to recover possession of chattels. Judgment for defendant, and plaintiff appeals. Affirmed.

Cicero I. Murray, for plaintiff in error.

J. S. Garrison and Yerker E. Taylor, for defendant in error.

Opinion by FOSTER, C. This was an action in replevin commenced in the district court of Garvin county, Okla., by P. K. Holmes, plaintiff in error plaintiff below, against W. R. Ellis, defendant in error, defendant below, to recover the possession of two mules of the alleged value of $550. The parties will be hereinafter referred to as they appeared in the court below.

The plaintiff claimed a special ownership in said mules under and by virtue of the terms of a certain chattel mortgage which he alleged had been executed to him by one S. M. Russell on the 12th day of January, 1920, to secure the payment of a promissory note for $1,200, and which he alleged had been renewed by another chattel mortgage executed on the 12th day of January, 1921, to secure the payment of a renewal note for $1,000, which it was alleged represented a balance then due and unpaid on the original note.

It was claimed that the defendant had purchased the two mules from the mortgagor, S. M. Russell, during the subsistence of plaintiff's mortgage lien and that the terms and conditions of the mortgage had been broken in that the debts secured by the mortgage had not been paid, and demanded judgment for the possession of said property.

The answer of the defendant was a general denial and a cross-petiton, claiming damages in the sum of $740 by reason of deprivation of the use of said mules, depreciation in their market value, and exemplary damages in the sum of $500.

The cause was tried to the court and a jury and resulted in a judgment for the defendant for the return of said mules, or for their value in the sum of $350, and $45, the usable value of said mules, making the total judgment of $395.

From this said judgment the plaintiff brings the cause regularly on appeal to this court, claiming:

(1) That the judgment is not supported by any evidence, and is contrary to law.

(2) That the trial court erred in giving certain instructions to the jury.

The undisputed facts are that the original mortgage of January 12, 1920, was executed by S. M. Russel to the plaintiff, covering the two mules in controversy in this action to secure an indebtedness of $1.200 which was evidenced by a promissory note of that date executed by S. M. Russell and made payable to the plaintiff.

Neither the original note nor the mortgage was introduced in evidence, and the contents of these instruments is a matter for conjecture only. The evidence fails to disclose what articles of personal property, aside from the two mules in controversy, the original mortgage covered. It is admitted, however, as we understand it, that this mortgage was executed and placed of record.

There is no dispute from the record before us that on the 12th day of January, 1921, the original mortgage was released of record and another mortgage executed by S. M. Russell to the plaintiff covering among other articles of property the two mules in controversy, and which had been included in the original mortgage; that there was due on the original indebtedness on January 12, 1921, the sum of $1,000, and that a new note was drawn for this amount, executed by Russell and delivered to the plaintiff, and that to secure this sum and the further sum of $855 which the plaintiff advanced Russell to harvest a crop of broom corn, a new mortgage was executed, covering, among other things, a crop of broom corn to be produced on a certain tract of land for the year 1921, which was not included in the original mortgage. It is not disputed that this crop of broom corn was destroyed by fire and the proceeds of insurance thereon paid to the plaintiff and applied on the total debt of $1,855, which left a balance due and unpaid of $661.35.

The new mortgage, among other things, contained this provision:

"The first named note for $— is a renewal of the balance unpaid on the note dated —.

19—, secured by a mortgage of the same date. This mortgage is not intended to release said former mortgage but is intended as additional security thereto."

It is argued by the plaintiff that by virtue of the provision of the mortgage quoted above the new mortgage executed was necessarily a renewal and continuation of the lien of the original mortgage, and that, therefore, there was no competent evidence upon which the jury could base a verdict for the defendant. This contention cannot be sustained.

By this provision of the second mortgage the method by which the old mortgage was to be continued was clearly defined, and had the plaintiff conformed to this provision in the taking of the second note and mortgage, the lien of the first mortgage could and would have been continued as against the intervening claim of the defendant under his purchase. Strictly speaking, under the plain language of the provision of the mortgage quoted, supra, a renewal of the first mortgage was not contemplated at all, but rather that the first mortgage should continue and the second mortgage should operate as collateral security to the first mortgage, and not as a substitute for it. By virtue of the release of the old mortgage executed by the plaintiff of January 12, 1921, he waived and abandoned the benefit of the provision of the new mortgage quoted above with reference to the renewal thereof and he cannot now be heard for the first time in the Supreme Court to insist as against the intervening claim of the defendant that this provision of the mortgage is controlling and that the evidence introduced by him of the release of said mortgage was an attempt to vary, alter, or contradict the terms of a valid written instrument.

All of the circumstances surrounding the execution of the second mortgage of January 12, 1921, indicate that it was a new and independent transaction supported by a different consideration from that by which the original mortgage was supported, and was not intended as a continuation of the lien of the first mortgage but as a substitute therefor. There is no evidence in the record which in any way tends to conflict with this theory except the conclusion of the plaintiff himself, testifying as a witness in his own behalf, that the mortgage of January 12, 1921, was intended as a renewal and continuation of the lien of the original mortgage.

Under the uncontroverted evidence before it, it seems to us that the jury could have arrived at no other conclusion than that the mortgage of January 12, 1921, was a new and independent transaction, was a sub-

stitute for the mortgage of January 12, 1920, and operated to extinguish entirely the first mortgage.

The only point on which any conflict in the evidence developed was whether or not S. R. Reeves bought the mules in controversy from Russell on October 15, 1920, and kept them in his possession until January 17, 1921, when he sold them to the defendant. Reeves testified that he bought the mules from Russell on October 15, 1920, and kept them in his possession until January 17, 1921, at which time he sold them to the defendant. The plaintiff testified on the other hand that Russell was in possession of the mules on January 12, 1921, when the new mortgage was executed and owned the mules on that date. The jury, however, accepted Reeves' testimony as true, and since there is testimony reasonably tending to sustain the finding of the jury that the mules in controversy were owned by Reeves on the 12th day of January, 1921, when the plaintiff executed his release, such finding will not be disturbed on appeal.

Plaintiff next complains of the instructions of the court to the jury. In the instructions complained of the court instructed the jury somewhat at length upon the law of novation. We do not deem it necessary to examine these instructions at length in the present state of the record. An examination of the record discloses that no exceptions were taken to the giving of these instructions, and our court has many times held that unless exceptions are saved to the instructions complained of the court will not consider an assignment of error based on that ground. Carter & Bro. v. Missouri Mining & Lumber Co., 6 Okla. 11, 41 Pac. 356; Kennedy v. Goodman, 39 Okla. 470, 135 Pac. 936; Pioneer Telephone & Telegraph Co. v. Tulsa Vitrified Brick & Tile Co., 60 Okla. 129, 159 Pac. 477.

Furthermore, we have already found, under the uncontroverted evidence before it, that the jury were justified in finding that there had been an abandonment and extinguishment of the mortgage of January 12, 1920, and in these circumstances the instructions of the court complained of, dealing as they did with the law governing the extinguishment of contracts, were more favorable to the plaintiff than to the defendant and therefore such instructions were harmless and the plaintiff cannot complain. In other words, having found under the uncontroverted evidence that the trial court would have been justified in telling the jury as a matter of law that there had been an extinguishment of the mortgage of January 12,

1920, and that the mortgage of January 12, 1921, was a new and independent transaction, and operated as a substitute for the original mortgage, to reverse the case and remand it for a new trial because of the failure of the trial court to properly instruct the jury as to the law af novation would, in effect, amount to remanding the cause and directing the trial court to instruct the jury to find exactly as they have found, and would serve no purpose 'whatever. Unless this court finds that the instructions have caused a miscarriage of justice, a reversal will not be ordered. Chicago, R. I. & P. Ry. Co. v. Newburn, 39 Okla. 704, 136 Pac. 174; Empire Gas & Fuel Co. v. Wainscott, 91 Okla. 66, 216 Pac. 141.

It follows that the judgment of the trial court should be and is hereby affirmed.

On appeal to this court from a judgment of the district court of Garvin county, Okla., supersedeas bond was filed, executed by the plaintiff, P. K. Holmes, as principal, and B. D. Holmes and T. S. Duffy, as sureties, to stay execution of said judgment; and the defendant has asked this court in his brief to render judgment against the bondsmen of the plaintiff, as well as against the plaintiff. No response has been made to this request. The judgment of the trial court was rendered on the 2nd day of February, 1923, for the recovery of certain personal property, and in the event such property could not be delivered, for the sum of $395, together with interest thereon at the rate of six per cent. per annum from the 2nd day of February, 1923. and for costs, and judgment therefore will be entered in this court against the plaintiff and sureties on said appeal bond for the return of certain personal property described in the original petition, and if the delivery of said property is not made, for the sum of $395 with interest thereon at the rate of six per cent. per annum from the 2nd day of February, 1923, and for costs, for which execution may issue.

By the Court: It is so ordered.