## GRAHAM et al. v. DAWSON PRODUCE CO. et al.

No. 14917—Opinion Filed Dec. 23, 1924.

Rehearing Denied March 10, 1925.

### Negligence—Failure of Evidence—Demurrer to Evidence.

Where action is brought to recover damages for personal injuries, occasioned by the negligence of the defendants, and there is no evidence introduced showing primary negligence, nor evidence from which negligence might be reasonably or logically inferred, or upon which the minds of reasonable men might differ, it is not error in the court to sustain a demurrer to the evidence and enter judgment for defendant.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by George W. Graham and Nora A. Graham against Dawson Produce Company and Oba McAdams, to recover damages for the death of a minor child, alleged to have been occasioned by defendants carelessly and negligently operating an automobile truck. Demurrer by defendants to plaintiffs' evidence sustained. Affirmed.

Harlan T. Deupree and Porter H. Morgan, for plaintiffs in error.

Cottingham, McInnis & Green, Frank G. Anderson, and M. M. Gibbens, for defendants in error.

Opinion by RUTH, C. This action was filed in the district court of Oklahoma county by the plaintiffs in error against the defendants in error, to recover damages for the death of a son of plaintiffs, and the parties will be designated herein as they appeared in the trial court.

Plaintiffs' petition alleges in substance that plaintiffs are the father and mother or Edwin Graham, deceased; that while deceased was crossing the intersection of Oklahoma avenue and East Eighth street, in Oklahoma City, deceased was struck by an automobile truck owned by the Dawson Produce Company, and operated by the defendant McAdams. who was in the employ of the Dawson Produce Company, and as a result he was knocked down and the front and real wheels of the truck ran over him; and the injuries s. inflicted and sustained resulted in Edwin Graham's death a short time after the infliction of the injuries.

Plaintiffs further allege negligence in that defendants "neglected to keep a proper lookout for pedestrians at the street crossing, where East Eighth street intersects Oklahoma avenue; that they neglected to use ordinary diligence in bringing the truck to a stop or standstill or slackening its speed; that they failed to give timely, proper, or sufficient warning of the approach of the truck to the street crossing; that they operated the truck at an excessive and dangerous rate of speed, that it was the duty of the Dawson Produce Company to employ a careful and skillful driver and furnish him with a truck, the brakes of which were in good order, but that they disregarded their duty in this behalf, and employed the defendant McAdams, and furnished him with a truck, the brakes on which were not in proper working order. and which would not stop the truck within a reasonable distance after the brakes were applied."

After answer and reply thereto were filed, a jury was duly empaneled, and plaintiffs introduced evidence and rested, whereupon defendants interposed a demurrer to the plaintiffs' evidence, and the demurrer was by the court sustained, and judgment entered for defendants, to which plaintiffs excepted, and after motion for a new trial was filed and overruled, plaintiffs appealed, and bring this cause here for review upon petition in error and case-made.

The evidence disclosed the fact that Edwin Graham, the deceased, was a boy whose age was between five and six years, and lived with his parents on the north side of East Eight street, about 100 feet east of Oklahoma avenue. His mother permitted him to go out of the house to play. Several of the plaintiffs' witnesses saw deceased just before the accident, and he was proceeding diagonally across the street, coming from the northeast, and going in a southwesterly direction toward the southwest corner of the street intersection. Eighth street runs due east and west, and Oklahoma avenue runs due north and south. Two horses attached to a wagon were being driven north on Oklahoma avenue. and the defendants' truck was being driven south on Oklahoma avenue. The driver of the truck "slowed down" on the north side of Eighth Street to permit two boys to pass in front of him, but as the boys stopped. the truck proceeded to cross Oklahoma avenue in front of the boys. Those witnesses for plaintiffs, who testify to the speed of the truck, state the truck was not crossing the intersection at a speed in excess of eight or ten miles per hour. The deceased, proceeding diagonally across the street intersection from the northeast to the southwest walked to the rear of the wagon, and about four or five feet therefrom, and in stepping from behind the wagon was struck by the truck and death resulted. Two of plaintiffs' witnesses were driving an automobile west on Eighth street, and were only 50 feet from where the boy was struck; they testified the truck was only going about eight or ten miles per hour; they did not see the boy when the truck struck him, but looking under the bed of the wagon saw the boy rolling on the street pavement, and the truck made a "good stop" and pulled out to the side along side the curb and might have gone in all 20. to 30 feet, including the distance necessary to pull the truck to the side of the street and against the curb, and the driver after parking his truck came back to where the boy was lying.

The plaintiff George W. Graham testified he had secured a new truck of the same make as the one by which the boy was struck, but of different model, and found

that such a truck going at the rate of ten miles per hour, left a "skid mark ten feet long after the wheels were locked by the brake," but could not state the distance within which such a truck could be stopped after signal to apply the brakes, when the truck was running 10 miles per hour, so his testimony throws no light upon the issues. No evidence was offered to show the brakes of defendants' car were not in perfect condition, or that the driver was inexperienced in handling such a truck.

It is not alleged that any ordinance of the city or statute of the state was being violated. The plaintiffs' evidence tends to prove the driver of the truck was careful, as he slowed down on the north side of Eighth street to let two boys cross Oklahoma avenue in front of his truck, and there was no evidence that he was driving at a high, reckless and dangerous rate of speed. The deceased was east of the northbound horse-drawn wagon, and was proceeding diagonally across the intersection. The truck was southbound on the west side of the wagon, and it is not reasonable to assume the driver of the truck could see the boy until he stepped or "darted out" from behind the wagon, and in front of the truck, and a careful review of all the evidence of the plaintiffs fails to prove negligence, as alleged, or prove any facts from which negligence might be reasonably or logically inferred, or upon which the minds of reasonable men might differ. Where the facts are such that all reasonable men must draw the same conclusion, the question of negligence is for the court. M., K. & T. Ry. Co. v. Shepherd, 20 Okla. 626, 95 Pac. 243; Pine Belt Lumber Co. v. Riggs, 80 Okla. 31, 193 Pac. 990; Harris v. M., K. & T. Ry. Co., 24 Okla. 341, 103 Pac. 758; Mean v. Callison,. 28 Okla. 737. 116 Pac. 195; Neeley v. Southwestern Cotton Seed Oil Co., 13 Okla. 356, 75 Pac. 537.

Upon this proposition it is unnecessary to cite additional authorities, as the same is well settled in this and other jurisdictions.

"In order to entitle a party to maintain an action for tort, there must be a violation of some duty, either of commission or omission on the part of the defendant, prejudicial to the rights of the plaintiff, and the burden is upon the complainant to establish such wrongful acts by a preponderance of the evidence; and the mere fact of the injury is not sufficient proof of the defendant's negligence." Chicago, R. I. & P. Ry. Co. v. Nagle, 55 Okla. 235, 154 Pac. 667; St. Louis & S. F. Ry. Co. v. Fick, 47 Okla. 530, 149 Pac. 1126; Chicago, R. I. & P. Ry. Co. v. Tate, 57 Okla. 215, 156 Pac. 1182; Lusk v. White, 58 Okla. 773, 161 Pac. 541; St. Louis & S. F. R. Co. v. Davis, 37 Okla. 340, 132 Pac. 337; Chicago, R. I. & P. R. Co. v. Watson, 36 Okla. 1, 127 Pac. 693.

From a careful review of the evidence it is apparent there was no violation of duty, either of omission or commission, on the part of the produce company, or the driver of the truck. The driver slowed down to let pedestrians pass on the north side of Eighth street, and then proceeded slowly across the street. It was his duty to look to his right, or to the west to ascertain whether or not vehicles were approaching from his right, as such vehicles had the right of way over one going south at this point, and it was his duty to then look south in the direction he was travelling, and negligence cannot be imputed to the defendant, nor can negligence be presumed because of his failure to see deceased proceeding diagonally across the intersection from the east, and immediately behind a wagon going north, and in the absence of any proof of negligence, it was the court's duty to determine the question of law so raised. Indeed, if the court had submitted the cause to the jury upon evidence, which to the court's mind did not constitute negligence, or from which negligence could reasonably and logically be inferred, and upon which the minds of reasonable men could not differ, it would have been the duty of the trial court, upon a motion for a new trial, which challenged the verdict upon the ground that it was contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict. for if the verdict be such that in the opinion of the trial court it should not stand, and is such he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial. And unless the conclusion of the jury meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand. White v. Dougal, 60 Okla. 200, 159 Pac. 907.

The brief of the plaintiffs in error discloses consummate care in its preparation, and deep research, and every assignment of error urged by plaintiffs is fully and ably argued and presented to this court in the best possible light, but we can find no error in the judgment of the trial court in sustaining the demurrer to plaintiffs' evidence, and for the reasons herein stated, the judgment should be sustained and affirmed.

By the Court: It is so ordered.