## WESTLAKE v. COLE.

No. 15778—Opinion Filed Sept. 29, 1925.

Rehearing Denied Dec. 1, 1925.

**1. Negligence—Violation of Law as Negligence Per Se.**

As a general rule, the violation of a public duty enjoined by law for the protection of persons or property constitutes negligence per se. C., R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146.

**2. Appeal and Error—Harmless Error—Instructions.**

Where it appears from the evidence that a verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there was error found in the instructions.

**3. Same—Affirmance.**

Where the right of plaintiff to recover, on the undisputed facts, is so apparent that the errors assigned, if sustained, could not have resulted in a miscarriage of justice, the judgment will be affirmed.

(Syllabus by Foster, C.)

Commissioners 'Opinion, Division No. 5.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Birdie Cole against A. W. Westlake. Judgment for plaintiff, and defendant appeals. Affirmed.

Dyer & Keim, for plaintiff in error.

W. J. Otjen and George W. Buckner, for defendant in error.

Opinion by FOSTER, C. On the 6th day of January, 1923, the defendant in error, Birdie Cole, as plaintiff, brought her action in the district court of Garfield county against the plaintiff in error, A. W. Westlake, as defendant, to recover damages alleged to have been sustained in a collision with plaintiff in error's automobile at the intersection of Main and Van Buren streets in the city of Enid. Parties will be hereinafter referred to as they appeared in the trial court.

Answer was filed by the defendant and the cause proceeded to trial before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff against the defendant for the sum of $3,250. From this judgment, and from a judgment overruling his motion for a new trial, the defendant, Westlake, appeals to this court for review.

The specifications of error relied on by the defendant for a reversal of the case relate to alleged errors by the trial court in overruling his demurrer to the evidence of the plaintiff at the close of plaintiff's testimony, in refusing to admit competent testimony offered, error in instructing the jury, and abuse of discretion on the part of the trial court by which the defendant was prevented from having a fair trial. In order to dispose of these assignments of error, it will be necessary, briefly, to refer to the issues submitted to the jury under the pleadings and the uncontroverted evidence introduced in the case.

While it is not very clear to our minds, from a review of the petition filed by the plaintiff, what specific acts of negligence on the part of the defendant were relied on by her for a recovery, the trial court, during the trial, admitted in evidence, without objection on the part of the defendant, ordinance number 1204 of the city of Enid. This ordinance designated that portion of Main street in the city of Enid, from the west side of Independence avenue to the west side of Buchanan street, as a boulevard, and provided that all vehicles approaching an intersection with any street in the city of Enid, designated therein as a boulevard, should come to a full stop before entering the intersection.

It is disclosed by the record that on the 5th day of December, 1922, the plaintiff was driving east on West Main street, in the city of Enid, and approached the intersection of Main and Van Buren streets between Independence avenue and the west side of Buchanan street. The defendant was driving north on the east side of Van Buren streets and approached the intersection at the same time plaintiff was approaching from the west. The defendant admits that he did not stop before entering the intersection, and attempted to justify his failure so to do by the claim that under the state law and city ordinances of the city of Enid, he had the right of way over the plaintiff, who was approaching the intersection from defendant's left, and that the accident resulted on account of the act of the plaintiff

in driving her car into the intersection in violation of the state law.

It is urged that the trial court, in instructions Nos. 5 and 6, incorrectly instructed the jury upon the law applicable to the case in that said instructions were based upon ordinances not introduced in evidence, and which were in conflict with the state law and valid ordinances of the city of Enid, and particularly ordinance 1204, introduced in evidence, defining the vehicle entitled to the right of way at a public street intersection, and that the jury were left to decide between conflicting statements of law on material issues in the case.

It is further insisted that the instructions complained of and based on ordinance 865, which was not introduced in evidence, incorrectly told the jury that at intersecting roads and streets, vehicles approaching from the left should have the right of way over those approaching from the right, whereas, under the state law, every driver of any vehicle approaching a street intersection should give the right of way to any vehicle approaching such intersection from the right, and that these instructions were in conflict with instruction No. 4, and with the state law and rules of the road on which the case was tried.

The conflicting and erroneous instructions referred to would undoubtedly work a reversal of the case if the defendant had not placed himself in the attitude of admitting the violation of ordinance 1204, of the city of Enid, admitted in evidence without objection on his part, which requires all vehicles approaching an intersection in any street designated as a boulevard to come to a stop before entering such intersection. In this state of the record, it occurs to us that the plaintiff was entitled to a peremptory instruction, and the submission of the case to the jury at all, under the circumstances, was more than the defendant was entitled to.

If the defendant had denied that he had failed to stop before entering the intersection at Main and Van Buren streets, a reversal of the case on account of the erroneous instructions would necessarily result. However, in view of the defendant's admission of failure to stop at this intersection, we cannot see how a reversal of the case on the ground that the instructions were contradictory and confusing and contained improper statements of law could, upon a retrial, result in a jury reaching any different conclusion than has already been reached.

In Covington State Bank v. Jayne, 103 Okla. 55, 229 Pac. 465, this court said:

"Although an instruction may contain an improper statement of the law, if it is clearly apparent from the whole record that no prejudice has in fact resulted therefrom, the error will not be considered."

See, also, Holmes v. Ellis, 99 Okla. 27, 225 Pac. 538.

Quoting again from the Covington Case, supra:

"Where it appears from the evidence that a verdict is so clearly right that had it been different the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions."

While the evidence is conflicting as to whether the defendant, Westlake, at the time of the accident, was driving at a rate of speed in excess of 15 miles per hour, in violation of the state law, there is no conflict that the defendant violated the provisions of ordinance 1204 in failing to stop at the intersection of Main and Van Buren streets. This constitutes negligence per se. C., R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; Whitehead Coal Mining Co. v. Pinkston, 71 Okla. 124, 175 Pac. 364.

The provisions of ordinance 1204, of the city of Enid, requiring all vehicles approaching an intersection of any street, which has been designated as a boulevard, to come to a stop before entering the intersection, is not invalid because in conflict with section 10164, C. O. S. 1921, which provides:

"That at intersecting roads and streets, vehicles approaching from the right shall have the right of way over those approaching from the left."

This provision of the state law does not, we think, deprive the authorities of a municipality in this state of power to designate certain of its streets as boulevards, and require the drivers of vehicles along streets crossing such boulevards to come to a stop before entering the intersection.

Complaint is made of instruction No. 7, for the reason that the instruction in the form in which it was given practically made the driver of an automobile an insurer against accidents.

It is complained that the jury was not informed that it was necessary for the plaintiff to prove some act of negligence on the part of the defendant. We have already found, under the undisputed evidence in the case, that the defendant was guilty of negligence as a matter of law, and if

the instruction criticized, standing alone, contains an improper statement of the law, it cannot work a reversal of the case under the rules and principles of law hereinbefore referred to.

There is no merit in the contention that plaintiff's own evidence established contributory negligence on her part. It can serve no useful purpose to review the various errors assigned in detail. As we view the case, all the errors relied on by the defendant for a reversal are immaterial and harmless errors and need no argument to demonstrate their lack of merit, in view of the admitted negligence of the defendant in failing to stop before entering the intersection of Main and Van Buren streets, as required by the provisions of ordinance 1204 of the city of Enid, introduced in evidence by the plaintiff, without objection on the part of the defendant.

In this state of the record, the liability of the defendant is established as a matter of law. All are presumed to know the law. This ancient maxim of the law has come down to us from an age and date long prior to the advent of the automobile. Our courts are still obliged to indulge this presumption, though the multitude of conflicting municipal traffic regulations, occasioned by the general use of motor vehicles as a means of transportation, makes this presumption sometimes seem a violent one, even with lawyers and judges.

That the defendant may have innocently misinterpreted the laws and ordinances of the city of Enid to his sorrow may give rise to genuine regret on the part of this court, but it cannot justify the court in ordering a reversal of the case.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 437; 20 R. C. L. p. 38; 3 R. C. L. Supp. p. 1022; 4 R. C. L. Supp. p. 1326. (2) 4 C. J. p. 1029, § 3013. (3) 4 C. J. p. 1131, § 3124.