## FAY v. BREWER et al.

No. 27699.   Jan. 18, 1938.

Kenneth B. Kienzle, for plaintiff in error.

D. H. Linebaugh and Joe S. Eaton, for defendants in error.

PHELPS, J.   Two little girls, six and ten years of age, were on their way home from school within the city of Okmulgee, Okla., wherein a city ordinance limited the speed of automobiles to 25 miles per hour. They were walking west along a street and came to a street intersection, where a street running north and south crossed the street upon which they were walking. As they started to cross the street, to proceed on in the same direction, a large truck approached from the south. The truck passed on, and after it had passed they started across the street. At about that time the defendant's car approached from the north, being driven by defendant at a speed estimated by plaintiff's witnesses from 50 to 70 miles per hour. The girls collided with the left side of defendant's car, sustaining injuries. The defendant brought his car to a stop, partly by skidding or sliding the wheels, at a distance of about 200 feet south of the point of collision. Some distance north of the intersection the defendant had driven by several large warning signs, directing the attention of drivers to the speed limit and to the fact that it was a school crossing. For a considerable distance north of the intersection there was nothing to obstruct the defendant's view of the crossing except the aforementioned moving truck, 'and there were also other children on their way home at about the same time and place. The vision of the children was likewise as unobstructed as that of the defendant driver.

The girls, who were sisters, filed separate actions against the defendant, by their father as next friend. The actions were consolidated for trial, verdicts and judgments were rendered against the defendant, and he appeals.

The principal contention of the defendant is that the evidence is not sufficient to sustain the verdict and judgment. In this, as we gather from his brief, his argument is that there is simply an absence of evidence of actionable negligence. There are but three important questions affecting this particular issue, and they are: (1) negligence; (2) the injury; and (3) proximate cause, or causal connection between the negligence and the injury.

The injury is conceded. The negligence is established as a matter of law, for a statute or ordinance specifically imposed under the police power for the protection of the public fixes the standard of duty, and the violation thereof is negligence per se. Westlake v. Cole, 115 Okla. 109, 241 P. 809. Sand Springs Ry Co. v. Westhafer, 92 Okla. 89, 218 P. 525; and numerous cases cited at 11 Okla. Dig. (West) p. 19.

The only remaining question on this issue, then, is that of proximate cause, or causal connection between the negligence and the injury. That is a fact question for the exclusive determination of the jury unless all reasonable and fair-minded men would agree on the question, and under the facts of this case we cannot say that they would. A reasonable man might justifiably infer, for instance, that had the automobile been moving within the speed limit, the girls would have seen it in time to avoid the collision, or that the unusual and unlawful speed surprised or deceived them, or that the defendant himself could have, by stopping or swerving, missed the children if he had been driving within the speed limit. While the

facts of the case may have warranted the jury in finding for the defendant, and while those facts presented a very favorable basis for argument to the jury on what inference should be made therefrom, they are not such as will warrant an appellate court in reversing the judgment as a matter of law. However, in this connection one should read Graham v. Dawson Produce Co., 106 Okla. 294, 234 P. 185, and Dollard v. Union Transportation Co., 132 Okla. 53, 269 P. 253, where recovery was denied for children darting into paths of approaching vehicles, because of lack of primary negligence.

The defendant also contends that the judgment should be reversed because the evidence strongly indicates contributory negligence. Where there is any evidence at all of contributory negligence, the issue or the defense is thus presented, and by section 6 of article 23 of the Oklahoma Constitution the finding of the jury on that issue is final. Midland Valley R. Co. v. Townes, 179 Okla. 136, 64 P. (2d) 712, 716, discussing Miller v. Price, 168 Okla. 452, 23 P. (2d) 624; Dickinson v. Cole, 74 Okla. 79, 177 P. 570; affirmed by Supreme Court of the United States in C., R. I. & P. R. Co. v. Cole, Adm'r, 251 U. S. 54, 40 S. Ct. 68, 64 L. Ed. 133. Also, for a similar case involving a child playing in the street, and the issue of contributory negligence as affected thereby, see Davis v. Bailey, 162 Okla. 86, 19 P. (2d) 147.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.