RICHARDSON et al. v. PARKER et al.

No. 34107. July 17, 1951.

Rehearing Denied Oct. 2, 1951.

*235 P. 2d 940.*

Howard K. Berry and James W. Berry, Oklahoma City, for plaintiffs in error.

Draper Grigsby and James D. Foliart, Oklahoma City, for defendants in error.

WELCH, J. Arthur Richardson and Carlene Richardson, parents of Garold Dean Richardson, aged 9, deceased, sued H. K. Parker and I. L. Rowlett, copartners, d/b/a Consumers Oil Company; Parker & Rowlett, Inc., a corporation; Parker-Rowlett-Ballou, Inc., a corporation, and Tri-State Casualty Insurance Company, a corporation, for damages for the wrongful death of their minor child.

The child was killed when a bicycle upon which he was riding collided with the side of a gasoline transport truck. The truck was owned by the defendants first named, and was one of a fleet of trucks the subject of an insurance contract between the truck owners and the defendant above last mentioned.

The plaintiffs charged negligence in that, at the time and place of the collision and death, the truck was being operated at a rate of speed greater than was reasonable and prudent under the surrounding conditions, and at a rate of speed in violation of a certain town ordinance, and that such negligence was the proximate cause of their decedent's death.

The collision occurred on State Highway No. 9, an east-west highway, and at a point where said highway was intersected by a north-south roadway. The north-south roadway at the south of the intersection ran alongside the grounds of a certain public grade school and said roadway extended north from the highway intersections into and through the business district of the town of Carnegie. The roadbed from the school grounds to the intersection was on a down-grade and the roadbed of

the highway from the east into the intersection was on a downgrade. The truck proceeded from the east on the highway into the intersection. The bicycle proceeded into the intersection from the south on a sidewalk alongside the roadway from the school grounds to the intersection.

There was but one witness who testified that he saw the contact of the bicycle with the truck. The witness was a pupil in the grade school mentioned and was of the age of ten years. He testified, in substance, that on the day of the accident he and Garold Dean Richardson mounted the bicycle which was lying on the school ground; that he was on the seat and Garold Dean was on the crossbars of the bicycle and so mounted they "coasted" down to the highway intersection; that when they reached the south edge of the highway pavement he observed the truck on the north side of the highway pavement and coming from the east as to cross the intersection in front of them; that when he saw the truck he jumped from the bicycle and that the bicycle proceeded on across the pavement and struck the rear wheel of the truck; that Garold Dean was not facing the truck at the time of the collision.

There was testimony concerning the topography and geography of the area and scene of the collision. A plat of the townsite of Carnegie and a plat of an addition to said townsite were identified and introduced, and certain ordinances of the town of Carnegie were identified and introduced. There was conflicting testimony concerning the speed of the truck at the time of the collision.

At the close of the evidence the trial court directed the jury to return a verdict for the defendant and on the verdict so returned entered judgment for defendants.

The plaintiffs, in appeal, assert that the evidence shows that the truck was traveling through an incorporated town at an unlawful rate of speed when the

collision occurred resulting in injury and death, and the driver of said truck was guilty of negligence per se, and that the question of the "proximate cause" or "causal connection," between the negligence per se and the injury sustained, was one of fact for submission to the jury.

In actions for negligence the question of proximate cause ordinarily is considered to be a question of fact for the jury. However, the question of proximate cause is at times a question for the court. Fay v. Brewer, 181 Okla. 554, 75 P. 2d 425, and 65 C. J. S. Negligence, §264. As is stated in C. J. S.:

"Whether it is or is not, a question for the jury depends on the facts and circumstances in each case, and is to be determined by the same rules employed in determining whether negligence is for the court or jury."

Concerning the question of proximate cause, in Fay v. Brewer, said the court:

" . . . That is a fact question for the exclusive determination of the jury unless all reasonable and fair-minded men would agree on the question, . . ."

When the plaintiff fails to prove any facts from which negligence might be reasonably or logically inferred and the facts are such that all reasonable men must draw the same conclusion, the question of negligence is for the court. Graham v. Dawson Produce Co., 106 Okla. 294, 234 P. 185, and cases therein cited.

The mere fact that injury follows or concurs with some asserted negligence does not necessarily create liability. Although a person may be negligent in the performance or omission of some duty to the person injured, no liability attaches unless it appears there was a causal connection between such negligence and the injury, and that such negligence was the proximate cause of the injury, and this is true where the act or omission complained of constitutes a violation of some statute or ordinance such as is held to be negligence per se. Elam v. Loyd, 201 Okla.

222, 204 P. 2d 280, and cases therein cited.

Herein, there was testimony introduced by plaintiff to the effect that the truck at the time and place of the collision was being operated at an estimated speed of 35 or 40 miles per hour. Ordinances of the town of Carnegie were introduced which fix a speed limit of 30 miles per hour in the town, and 15 miles per hour in certain zones of the town. Plats of the townsite of Carnegie were introduced. The plats in themselves did not reflect the location of the highway on which the truck was being operated and there was no testimony therefrom concerning the location of the highway as being within the town limits. In the absence of proof that the highway was within the town limits no issue of negligence per se was presented. There was evidence concerning the physical conditions surrounding the intersection and as to an estimate of the rate of speed of the truck at the figure above stated. However, there was no proof of any illegal speed, or that the speed of the truck was dangerous or reckless, or inconsistent with prudence and the exercise of ordinary care. If it could be said that the speed of this truck was somewhat excessive, that would not lead to liability unless the speed shown was the proximate cause of the injury.

Under the undisputed evidence the truck, under the control of the driver, was proceeding on the highway in a lawful manner and free of negligence, except for the aforesaid estimate as to speed, at the time the bicycle entered upon the highway at a point away from and out of the lawful pathway of the truck. In these circumstances there was no danger until the moment the boy on the seat of the bicycle suddenly jumped from the bicycle and released control of the bicycle into the truck's pathway.

Under the undisputed evidence there was no obstruction in the view between the bicycle and truck within a distance of a half block or more each way from the intersection.

It is apparent that the speed of the truck, considered by itself, cannot be said to have necessarily contributed to the accident. That is clear when we bear in mind that if the defendants' truck had traveled at any given lesser rate of speed but had started at a relative earlier time, it would have been at the place of accident just the same. The speed, therefore, considered by itself, may have been a condition of the accident, but it was quite remote in the chain of causation. Something more must appear in order that it may be said that the speed of the truck contributed to the accident, as for instance, the duty to stop, the inability to do so by reason of the excessive speed, and that had defendant stopped, the accident could have been avoided.

The driver of the truck, with a view of the bicycle and with the truck on its proper side of the highway, had a right to continue down the highway. The driver of the bicycle was in a place of clear opportunity to view the highway and showed no evidence of being oblivious to the danger of proceeding into the path of the truck. The truck driver had a right to rely on the fact that the one in control of the bicycle in approach to the highway and seeing the truck approach from the right would use reasonable exertion to stop or to turn out of the way and exercise that degree of care for himself which any ordinarily prudent person is expected to use.

Under all the evidence the danger in the situation arose when the boy on the seat of the bicycle jumped therefrom and abandoned the bicycle to a course across the highway. Until that time there was nothing whatever which would indicate to the truck driver that the bicycle would not yield right of way, and at that time the truck had reached a point as to render its speed immaterial.

To hold that under the circumstances of this case the jury had a right to say that the defendant truck driver should have known sooner than he did that the bicycle driver would not yield right of way, or would abandon the bicycle to a course across the highway, would be contrary to the general rule that the jury's decision must be based upon evidence and would leave then an arbitrary discretion which is nowhere warranted in the law.

Under the undisputed evidence the truck was of a length of apparently 38 feet and the bicycle struck the rear wheel. The undisputed testimony concerning the physical surrounding and the tire marks on the highway after the collision reflect that at time of impact the truck had passed through the intersection except for about four feet of the rear of the truck. It seems apparent that at the time the bicycle was abandoned to a course across the highway, the truck was in such place that collision would have occurred if the truck had been stopped altogether, and that the rate of speed of the truck at such time was immaterial as a cause of the injury.

We think the court was right in directing a verdict for the defendants.

The judgment is affirmed.

CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, C. J., LUTTRELL, V. C. J., and DAVISON, J., dissent.