Joseph **COX** and Mattie Cox, individually and in their representative capacity as Administrator and Administratrix of the Estate of Vickie Miriel Cox, Deceased, Plaintiffs in Error,

v.

James **HALBIG**, Defendant in Error.

No. 40005.

Supreme Court of Oklahoma.

May 7, 1963.

Rehearing Denied June 11, 1963.

Mike Foster, Oklahoma City, for plaintiffs in error.

Welcome D. Pierson, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

Parties occupy the same position here as in the lower court and will be so referred to in this opinion.

The plaintiffs were the parents of Vickie Miriel Cox. On May 11, 1960, at about 11:00 o'clock A.M. Vickie Miriel Cox was struck by an automobile driven by the defendant. It appears from the evidence that the defendant parked his car in a driveway at 1300 Southwest 12th Street in Oklahoma City, Oklahoma. He was quoted by Police Officer Wiley as saying:

"He stated that he came out of the house and that he had rolled his window down and he observed two children playing by the driveway, and as he * * * as he started to back out that he felt a bump. And, then, he backed on out in the street, and as he started to go forward, why, he observed the child laying there."

A second Police Officer named McLaughlin quoted the defendant as follows:

"He stated that he got in his car and had rolled down the left door glass and was backing out, and that as he was backing out he observed two children playing just to the east of his driveway, and that he was watching them. He backed on out of the driveway and put it in * * * after backing out and stopping, he put it into forward gear, at which time he then noticed the child laying in the street. He stated about that time he heard one of the other kids scream."

The evidence is undisputed that the body of the child, Vickie, was lying in the center of the driveway that defendant was on at the curb line—part on the concrete slab and part on the asphalt paving. It is not contended that defendant's car did not hit the child as defendant saw the body after he backed into the street.

It appears from the evidence that Vickie's older brother and sister were playing on the parking east of the driveway. The house in which the Cox family lived was directly north and across the street from the house in the driveway of which defendant had parked.

The mother of Vickie testified that she had rocked her for a little while but the child did not want to sleep so she set her down. Two older children, three and five, were on the porch. Vickie was playing in the front room but went outside while her mother was working. Her mother estimated that it could not have been over five minutes from the time Vickie went out on the porch until the little son five years old came in and told her that Vickie had been run over.

The sole question here is "Was there sufficient evidence of negligence on the part of the defendant on which to go to the jury?" We believe there was. It is a fundamental rule in this jurisdiction that a demurrer to the evidence admits all facts which the evidence tends to prove

and all inferences and conclusions which may logically and reasonably be drawn therefrom or in the slightest degree tends to prove. City of Ardmore v. Roedler, Okl., 361 P.2d 692. Numerous cases on this point are to be found in Oklahoma Digest, Trial,

The defendant saw these two small children. He was alerted to the fact of the presence of children and he may have seen this youngest child if he had kept a constant lookout from the time he first became aware of the children. The deceased may have been in the street where she could have been seen.

The case of Lawrence v. Eicher, Okl., 271 P.2d 320, involved a four year child being struck by an automobile. The trial court let the case go to the jury and a verdict was for the defendant. We reversed the case for failure to instruct on the duty of defendant to blow his horn. We used language in that case which we think is pertinent here and is found at page 323 of that opinion and is:

"Obviously, defendant knowingly was approaching a place where he admittedly saw small children on the same side of the street that he was driving down, which should have caused him to exercise the degree of care their habits and presence required. Van Cleave v. Lynch, 109 Utah 149, 166 P.2d 244. * * * A child of tender age by nature demands and the law imposes upon a motorist the duty to exercise in behalf of such child that degree of extreme caution which such motorist exercises for his self-preservation, or that degree of care commensurate with the danger arising from the disposition of children, Darr v. Porte, 220 Iowa 751, 263 N.W. 240."

The Supreme Court of Wyoming in Holstedt v. Neighbors, 377 P.2d 181, handed down December 19, 1962, had before it a case quite similar to ours here. There a three and a half year old child was

backed over and killed in a motel court-yard. That court said:

"* * * The principal point in dispute is whether Mrs. Neighbors (the defendant) used due care by looking before she backed and by keeping a proper lookout as she backed. We therefore confine ourselves to evidence which tends to show whether she in fact looked and saw what there was for her to see."

In that case the defendant testified and a motion for directed verdict was sustained. The court said:

"It goes without saying that, in passing upon a motion for a directed verdict, the evidence must be taken in the light most favorable to plaintiff, and we must accept the whole body of evidence in the strongest way it reasonably can be interpreted in support of plaintiff's claim. Cheney v. Wheeler, 122 Vt. 295, 170 A.2d 642, 643; Parker v. Gunther, 122 Vt. 68, 164 A.2d 152, 153; Geiger v. Schneyer, 398 Pa. 69, 157 A.2d 56, 57; 2B Barron & Holtzoff, Federal Practice and Procedure, § 1075, p. 378 (1961)."

We do not attempt to set out all the facts in that case but do not think they are any stronger for the plaintiff than what is before us.

After relating the facts that court made a statement which we think is applicable to the facts here and is:

"This presents the very exemplification of the rule of law that a person is charged with seeing that which is there to be seen the same as though the person looked and saw what was there to be seen. Taking together the statements of defendant as to her actions and the statements of Pamela's mother and sister as to the presence of the unfortunate child, there was substantial evidence to charge defendant with the duty of seeing what was there for defendant to see, and the failure to do so would justify a jury in concluding defendant was negligent."

We think that the demurrer to the evidence should have been overruled here and the defendant required to tell his story.

We recognize this case is close on the facts and common courtesy demands that we mention some of the decisions presented in the well written brief of the defendant.

The defendant relies on four Oklahoma cases which are: Underwood v. Fultz, Okl., 331 P.2d 375; Richardson v. Parker, 205 Okl. 137, 235 P.2d 940; Dollard v. Union Transp. Co., 132 Okl. 53, 269 P. 253; Graham v. Dawson Produce Co., 106 Okl. 294, 234 P. 185.

The factual difference between Underwood v. Fultz, supra, and the case at bar is that there were no children shown to be seen at or near the place of the accident so as to warn the defendant.

In Richardson v. Parker, supra, there was no evidence of any negligence on the part of the driver of the truck involved in the accident. A boy on the handle bars of a bicycle ran into the path of the truck without any warning of any kind.

The facts in Dollard v. Union Transportation Co., supra, so clearly showed a lack of primary negligence it is unnecessary for us to discuss them.

Graham v. Dawson Produce Co., supra, also is another case where no primary negligence was shown on the part of the driver of the truck and nothing to warn him of the peril of the five year old boy killed in that accident since the youngster stepped in front of the truck.

Defendant calls our attention to and puts great faith in Williams v. Jordan, 208 Tenn. 456, 346 S.W.2d 583. We think that it is also distinguishable from the immediate case in that the only child the driver saw anywhere near his car was with his mother on the porch of the house in front of which he stopped.

La Moreaux v. Fosket, 45 Wash.2d 249, 273 P.2d 795, is another case that has certain marks of similarity to ours. There was nothing to challenge the attention of the driver of the automobile to any peril

of a baby. We think that under the facts before us there was enough to require the defendant to be on his guard to children that might get in the path of his car.

Other cases are cited by defendant but we believe there is enough factual differences between those cases and ours that we think they are not in point and we will not follow them.

In view of the photographs admitted in evidence, the statement of the defendant and all the evidence before us we think that the trial court erred in his ruling and the case should be reversed for a new trial.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS and BERRY, JJ., concur.

JACKSON and IRWIN, JJ., concur in result.