Robert Earnest McLELAND and Iva McLeland, husband and wife, Plaintiffs in Error,

v.

Bay E. MILLER, Defendant in Error.

No. 40188.

Supreme Court of Oklahoma.

July 23, 1963.

Rehearing Denied Oct. 29, 1963.

Anton Koch, Henrietta, for plaintiffs in error.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

WILLIAMS, Justice.

Plaintiffs in error instituted this action against defendant in error to recover damages for the death of their 22-months-old son. The boy died as a result of being struck by an automobile driven by defendant. The trial court sustained a demurrer to plaintiffs' evidence, and they appeal. The parties will be designated herein as they appeared in the trial court.

The plaintiffs' evidence disclosed that on the day here involved, defendant, a rural mail carrier, stopped his car at plaintiffs' mail box; that his vehicle was facing east; that the mail box was located out in the country on the south side of a dirt road; that plaintiffs' house was on the north side of the road across from the mail box; that when defendant proceeded to move his automobile, its right front wheel ran over the child; that the child was 2 or 3 feet in front of the car when it started forward; that the child was two feet tall; that the defendant was looking at the child's mother with whom he had been talking at the mail box when he started forward.

For reversal plaintiffs advance one proposition in their brief, as follows:

"The trial court erred in sustaining defendant's demurrer to the evidence and failing to grant a motion for new trial."

Under such proposition plaintiffs state that:

"Plaintiffs further proved that if the defendant had been watching where he was going and observed to see if the road was clear before him, he knowing full well that children played in the road in the vicinity where the accident happened, this accident would not have occurred."

We cannot agree that such was the proof. Rather, the plaintiffs' evidence is better summed up by the following language from the "conclusion" of plaintiffs' brief:

"Positive testimony was introduced that the automobile allegedly driven by Bay E. Miller was travelling in an easterly direction; that at the time he started the car in motion he was not looking in the direction which he was

travelling; that he was seated on the right hand side of the automobile because the steering wheel was on the right hand side; that the child approached from the north or left of the automobile. The defendant threw the automobile in gear, stepped on the foot feed, lunged forward without looking in the direction he was travelling, struck the child with a thudding sound, stopped his automobile while still looking at the plaintiff who was on the south side of the car, while the car was facing east, and said 'I heard a thud, I think I hit something' and he had, it was the child of the plaintiffs."

In their reply brief plaintiffs contend that:

"Here the undisputed evidence is that the defendant was not looking in the direction he was going or traveling, and, therefore, made no effort to observe what, if anything or any person was directly in front of his car, which, in our opinion is purely negligence."

■ In considering the question of whether the trial court erred in sustaining defendant's demurrer to the plaintiffs' evidence, we are, of course, required to view the evidence in the light most favorable to plaintiffs. Rose Bros., Inc. v. City of Alva, Okl., 356 P.2d 1083.

Plaintiffs argue that such alleged proof of claimed negligence made a prima facie case. We do not agree. No evidence was introduced to show that defendant could have seen the child if he had been looking ahead when he moved his vehicle forward. Nor was there any evidence that the child's mother who was standing on the right side of the car saw the child ahead of the right front of defendant's automobile so as to warn him of the child's presence and alert defendant to the danger in which the child had placed himself. In fact, the only evidence on this point which was the testimony of the half-brother of the child's father, was to the contrary.

It is to be noted that the nature of plaintiffs' claims herein, when broken down into their basic elements, amount to a charge on plaintiffs' part that defendant owed their decedent baby son the duty not to run over him, that defendant violated that duty and that such violation of such duty was the proximate cause of injury to their decedent and his resulting death.

In 60 C.J.S. Motor Vehicles § 284, pp. 661, 662, 663 and 664, is the following language:

"The driver of a motor vehicle has the duty to keep a proper lookout and to watch where he is driving, even though he is rightfully on the highway or street and has the right of way * *, or is driving on the side of the highway where he has a lawful right to be; and his failure to do so is negligence, * * *. This duty never ceases, but is constant and continuous, and exists even though the danger is slight.

" * * * A motorist must keep a lookout ahead, or in the direction of travel, * * *. He must keep a vigilant lookout * * * for others using the highway or street, including pedestrians * * * even though they are wrongfully or negligently thereon."

In 1 Blashfield, Cyclopedia of Automobile Law and Practice, Part 2, Perm.Ed., 1962, Cum.Pocket Part, § 681, p. 240, the duty of a motorist to maintain a reasonable and proper lookout is described in this manner:

"A motorist must maintain a reasonable and proper lookout.

"It has been stated that failure to look at all constitutes negligence as a matter of law * * *."

In the case of Marinkovich v. Tierney et al., 93 Mont. 72, 17 P.2d 93, 98, that Court said:

"If Weiss was violating the ordinance, he was guilty of negligence per se; if he was not keeping a proper lookout ahead, he was negligent; * *."

Assuming for purposes of discussion, without deciding, that defendant was negligent in that he failed to look to the front of his automobile upon engaging the gears thereof and moving forward, upon an analy-

sis of the problem before us, the question still presents itself as to whether defendant's failure to look was the proximate cause of plaintiffs' decedent's injuries and death.

In the case of Dedear et al. v. James, Tex.Civ.App., 184 S.W.2d 319, 322, the Court said:

"If, however, negligence had been established with respect to both or either of the grounds of recovery relied upon, still appellants could not recover, because there was no jury finding that such negligence was a proximate cause of the collision. Proximate cause was not established as a matter of law with respect to either of the alleged acts of negligence. * * * Not only were appellants required to establish, either as a matter of law or to the satisfaction of the jury, that either one or both the grounds of recovery relied upon was negligence, but were also required to show that such negligence was a proximate cause of the collision. * * *"

The case of Maltby et al. v. Thiel et al., 224 Wis. 648, 272 N.W. 848, 850, contains the following language:

"* * * (I)t is manifest that negligence of Thiel as to lookout, if there was any, was not causal, as Thiel could do nothing to avoid the collision after he lost control of his car."

We next refer to our opinions in two Oklahoma cases. In each case the question arose as to whether the speed of defendant's vehicle was the cause of the collision upon which suit was based. We therefore consider the situation in each of such cases analogous to that here presented to us.

In the case of Richardson v. Parker, 205 Okl. 137, 235 P.2d 940, 942, 943, the Court, in the syllabus, said:

"In an action founded upon the law of negligence when the evidence in any permissive inference does not show a causal connection between the negligence charged and the injury, or that any such asserted negligence was the proximate cause of the injury, the ac-

tion of the trial court in instructing a verdict for the defendant is not error."

In the body of such opinion, it is further stated:

"The mere fact that injury follows or concurs with some asserted negligence does not necessarily create liability. Although a person may be negligent in the performance or omission of some duty to the person injured, no liability attaches unless it appears there was a causal connection between such negligence and the injury, and that such negligence was the proximate cause of the injury, and this is true where the act or omission complained of constitutes a violation of some statute or ordinance such as is held to be negligence per se. Elam v. Loyd, 201 Okl. 222, 204 P.2d 280, and cases therein cited.

\* \* \* \* \* \*

"Under the undisputed evidence the truck, under the control of the driver, was proceeding on the highway in a lawful manner and free of negligence, except for the aforesaid estimate as to speed, at the time the bicycle entered upon the highway at a point away from and out of the lawful pathway of the truck. In these circumstances there was no danger until the moment the boy on the seat of the bicycle suddenly jumped from the bicycle and released control of the bicycle into the truck's pathway.

\* \* \* \* \* \*

"It is apparent that the speed of the truck, considered by itself, cannot be said to have necessarily contributed to the accident. That is clear when we bear in mind that if the defendants' truck had traveled at any given lesser rate of speed but had started at a relatively earlier time, it would have been at the place of accident just the same. The speed, therefore, considered by itself, may have been a condition of the accident, but it was quite remote in the chain of causation. Something more must appear in order that it may be

said that the speed of the truck contributed to the accident, as for instance, the duty to stop, the inability to do so by reason of the excessive speed, and that had defendant stopped, the accident could have been avoided."

In the case of Underwood v. Fultz, Okl., 331 P.2d 375, we said in the second paragraph of the syllabus that:

"Where excessive speed is charged as negligence and the evidence in any permissive inference does not show a causal connection between the excessive speed and the injury, it is proper for the court to withdraw this issue from the jury's consideration."

■■ Plaintiffs' action in the case at bar was based upon allegations that defendant negligently failed to observe their decedent or to look out for his presence on the road. In addition to the burden of proving that the defendant was guilty of negligence, the plaintiffs had the duty to prove that the alleged negligence of the defendant was the proximate cause of the child's injuries and resulting death. There is no evidence that the child was seen or should have been seen by the defendant. The plaintiffs offered no evidence to establish a causal relation between the defendant's alleged negligence in not keeping a proper lookout and the striking of plaintiffs' decedent.

Under the rule of the Rose case, supra, we are of the opinion that the evidence in the trial court failed to establish that the negligence of defendant, if any, was the proximate cause of such decedent's injuries and death.

In the case of Prest-O-Lite Co., Inc. v. Howery, 169 Okl. 408, 37 P.2d 303, in the first and second paragraphs of the syllabus, we said:

"In order to sustain a recovery in an action based on negligence, there must be a causal connection between the negligence averred and the injury received, and such causal connection cannot be established by basing inference upon inference, or presumption upon presumption.

"As a general rule, the proximate cause of an injury in negligence cases is a question of fact for the jury but where all of the evidence favorable to plaintiff, together with all inferences drawn therefrom, is insufficient to point out clearly a causal connection between the alleged negligence of defendant and plaintiff's injury and where no element of willful and intentional wrong is present, it becomes a matter of law for determination by the court."

The instant case is distinguishable from the recent case of Cox et al. v. Halbig, Okl., 382 P.2d 421, in that in such case there were children, other than the deceased, seen playing at or near the place of the accident so as to warn the defendant. In the case now before us, there was no such evidence. The defendant had no notice of the presence of the child in or about his automobile, nor had he any reason, under the circumstances, to believe that any child was about his automobile. There were no circumstances suggesting the necessity of special inquiry or investigation.

The present case is also distinguishable from the case of Vining v. American Bakeries Co., et al., 118 Fla. 572, 159 So. 670, 672, in that if the driver there involved had looked ahead he would have seen the child. Therein the court said:

"It is probable that the driver of the truck did not observe the child as he came out of the store, but it was his duty to look ahead as he drove the truck; and if he had looked ahead as he turned to the right to go under the canopy, he would have seen the child, who was injured as the truck was going under the canopy instead of continuing east on the street."

As above noted, the evidence was that plaintiffs' baby was only 24 inches tall. There was no evidence that defendant could have seen the baby over the hood of his

vehicle had he been looking forward as it moved out.

There is accordingly, under plaintiffs' evidence, in our opinion, no basis on which this case should have been submitted to the jury.

Affirmed.