## YELLOW TAXICAB & BAGGAGE CO. v. PETTYJOHN.

No. 21489.   Opinion Filed April 5, 1932.

Rehearing Denied May 24, 1932.

J. B. Dudley and Magee & Sturdevant, for plaintiff in error.

Bleakmore & Barry, for defendant in error.

HEFNER, J.   This is an action brought in the district court of Oklahoma county by Roanna Pettyjohn against the Yellow Taxicab & Baggage Company to recover damages for personal injuries and damages to her car caused by a collision between a taxicab belonging to defendant and the car driven by plaintiff. Plaintiff, in her petition, alleges that the collision occurred because of the negligence of defendant's driver, in that he drove the taxicab at a reckless rate of speed and on the left or wrong side of the street. At the conclusion of the evidence, she amended her petition and also relied for recovery on the doctrine of last clear chance. The defense consisted of a general denial, and a plea of contributory negligence. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff for the sum of $4,500.

Defendant has appealed and asserts that the court erred in overruling its motion for a directed verdict, and in giving certain instructions to the jury. It is admitted that, on the evening of July 14, 1929, at the intersection of Eighteenth street and Walker avenue, Oklahoma City, the collision occurred. Plaintiff contends that the collision was caused by the negligence of defendant's driver, while defendant urges that it was caused by the negligence of plaintiff in running a stop line. The evidence shows that, at the time of the accident, plaintiff was driving west on Eighteenth street and the taxicab was being driven north on Walker. The collision was north and west of the center of the intersection of the two streets. Walker avenue is a boulevard, and, under city ordinances, traffic on that street has right of way over east and west traffic. There is a stop line near the intersection on Eighteenth street. Plaintiff testified that she stopped at the line, shifted gear, and was proceeding to cross the intersection in intermediate gear, when the driver of the taxicab, driving at a rate of about 30 miles an hour, and on the left side of the street,

struck the rear of her car throwing her therefrom and causing severe injuries to her back and hip and considerable damage to the car. The driver of the taxicab testified that plaintiff did not stop at the stop line, but that she ran across it at a rate of speed of 30 miles, and that he did not discover her in time to stop his car and avoid the collision; that upon discovering her in the intersection, he swerved his car to the west, or left, side of the street to avoid the collision. Other witnesses testified in behalf of defendant that plaintiff did not stop at the stop line, and that she crossed the line at a rapid rate of speed. These witnesses, however, also testified that the collision occurred west of the center of the intersection, and that if the driver of the taxicab had kept to the right of the center of the street, instead of swinging to the left, the accident would have been avoided, as plaintiff had already passed the center of the intersection. In corroboration of her testimony that she did stop at the stop line and shift into intermediate gear, plaintiff offered evidence that immediately after the wreck her car was found to be in intermediate gear.

The evidence was sufficient to take the case to the jury and there was no error in overruling defendant's motion for a directed verdict.

An exception was taken by defendant to the instruction given by the court to the jury, submitting to it the doctrine of last clear chance. It is contended that there was no evidence upon which to base the instruction and that it was indefinite and uncertain, and therefore misleading. We have carefully examined this instruction, and, without entering into a discussion thereof in detail, think it is sufficient to say that it did not contain prejudicial error.

Defendant also excepted to the following instruction:

"You are further instructed with reference to the right of vehicles at intersecting streets, that where the vehicles reach the intersection at the same time, or approximately the same time, vehicles approaching from the right shall have the right of way over those approaching from the left, * * * but the vehicle first entering the intersection has the right of way over other cars, regardless of the direction which either of said cars are traveling."

It is urged that, in the giving of this instruction, the court overlooked the fact that Walker avenue is a boulevard, and that traffic on that street has right of way as against west-bound traffic on Eighteenth street; and that plaintiff was required to stop at the white line on Eighteenth street. The court also gave the following instruction, which should be considered in connection with the one above quoted:

"You are further instructed that it is stipulated here that, on the 14th day of July, 1929, there was in force certain ordinances of the city of Oklahoma City which designated Walker avenue as a boulevard and which required all vehicles approaching the boulevard to come to a full stop at the stop line designated therefor before entering the intersection. And if you find that the plaintiff at the time and place named in the petition failed to comply with this provision of the ordinance and bring her car to a full stop at the white line as she approached Walker street, as a matter of law the same constituted negligence per se; and if you should further find from a preponderance of the evidence that a violation of said ordinance was the proximate cause of the plaintiff's injury and damage, you should then and in that event find for the defendant."

When those instructions are considered together, we think they fairly state the law, and that they are not subject to the criticism urged by the defendant.

It is next contended that the verdict is excessive. It is in the sum of $4,500. It is admitted that the damage to plaintiff's car amounted to $500. The evidence shows that plaintiff sustained severe injuries to her back and hip and that she suffered severe pain. The injury occurred July 14, 1929. The trial was in November, 1929. Plaintiff was at that time still incapacitated, and it was the opinion of medical experts who testified at the trial that in all probability a complete cure could not be effected within at least six months from that time. Plaintiff held the position of gasoline inspector and her salary was $200 per month. Under this evidence, as a result of the injury, the time lost on account of the accident would approximate nine months, causing a loss to plaintiff in earning capacity in the sum of $1,800. While the allowance to plaintiff was somewhat liberal, yet we cannot say that it is so excessive as to indicate that it was rendered under the influence of passion and prejudice.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and SWINDALL, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ, concur. RILEY, J., absent.

Note.—See under (1); 2 R. C. L. 203; R. C. L. Perm. Supp. p. 376; R. C. L. Pocket

Part, title Appeal, § 172. (2), 14 R. C. L. 771, 772; R. C. L. Perm. Supp. pp. 3664, 3665.