CONSTANT v. BROWN.

No. 29827.    June 10, 1941.

*114 P. 2d 477.*

Peyton E. Brown, of Blackwell, for plaintiff in error.

T. J. Sargent and Irving D. Ross, both of Newkirk, for defendant in error.

GIBSON, J. This is an action for wrongful death resulting from an automobile collision at a street intersection in the city of Blackwell. Judgment was for plaintiff, and defendant appeals.

Plaintiff's case was based primarily on defendant's alleged violation of a city ordinance. Defendant attacked the ordinance as being in conflict with section 10327, O. S. 1931, 69 Okla. Stat. Ann. § 583, prescribing the rules of the road, and also that it was in excess of the delegated police powers of the city.

Rule 7 of said section 10327 provides that at intersecting roads or streets vehicles approaching from the right shall have the right of way over those approaching from the left. The ordinance in question would alter that rule in that east and west traffic throughout the city is given the right of way over traffic north and south, limiting the latter to eight miles per hour when entering intersections, and charging it with great care not to interfere with east-west traffic.

Defendant was driving south, and the car in which the deceased was riding was going west when the collision occurred at the intersection. Defendant entered the intersection at a speed of about 15 miles per hour. Under the statute the defendant had the right of way, but the court held that the ordinance was controlling.

In the instructions the violation of the ordinance was defined as negligence, and the court submitted to the jury only the questions of contributory negligence and proximate cause.

Defendant says the statute is controlling; that the ordinance was in direct conflict therewith and must fall. He relies mainly on Martin v. Rowlett, 185 Okla. 431, 93 P. 2d 1090, and authorities therein cited. The general rule is there stated as follows:

"Control and regulation of the public ways of a municipality are reserved to the state, and such powers may be exercised by the municipality only to the extent of the authority to that end delegated by the Legislature."

And in Cain's Coffee Co. v. City of Muskogee, 171 Okla. 635, 44 P. 2d 50, we held as follows:

"Municipal corporations can exercise only such powers of legislation as are given them by the lawmaking power of the state, and grants of such powers are strictly construed against the corporations, and when any fairly reasonable doubt exists as to the grant of the power, such doubt is resolved by the courts against the corporation, and the existence of the power is denied."

The general rule is that a municipal ordinance or portion thereof which is in conflict with state statutes is void. But there is no conflict if the Legislature has delegated the particular power to the municipality, notwithstanding a similar power of general application may be reserved to the state.

In this state the first legislation on the subject of traffic regulation in cities is found in section 6394, O. S. 1931, 11 Okla. Stat. § 657, which was carried over from the territorial statutes. It provides in part that "the council may . . . regulate, prevent and punish the riding, driving or passing of horses . . . or any vehicle, over or upon, or across sidewalks or along any streets of the city."

There has been no further legislation directly delegating to municipalities additional regulatory powers over streets. However, the Legislature has since recognized inferentially the power of cities to regulate traffic to a limited degree. In the Vehicle License Act of 1919 (sec. 10290, O. S. 1931) appears

the following proviso: "provided that the powers given to local authorities in cities of the first class to enact general rules and ordinances applicable equally to all vehicles and users of the highways, to bring the orderly passage of vehicles upon certain streets in such cities where the traffic is heavy and continuous, . . . shall remain in full force and effect." This same proviso appears in the Vehicle License and Registration Act of 1937, section 9 (47 Okla. Stat. Ann. §19h). The proviso appears in somewhat modified form in the Motor Vehicle License and Registration Act of 1939, sec. 11, art. 7, ch. 50, S. L. 1939. But the present action arose in 1938, and is not affected by the latter act.

The above-quoted provision does not constitute a grant or delegation of power to the cities, but merely affirms existing powers. Section 6394, above, stands as the only delegation of authority to cities to regulate vehicle traffic in the streets. In the face of said section the Legislature in 1915 enacted certain rules of the road including rule 7, above, which would require automobiles approaching a street intersection to yield the right of way to cars approaching from the right. Subsequent to that enactment this court has held that rule 7 does not deprive the authorities of a municipality of power to designate certain of its streets as boulevards, and require the drivers of vehicles along streets crossing such boulevards to come to a stop before entering the intersection. Westlake v. Cole, 115 Okla. 109, 241 P. 809. It was there held that a city ordinance containing the above provisions and requirements was not invalid because in conflict with rule 7. See, also, Yellow Taxicab & Baggage Co. v. Pettyjohn, 157 Okla. 232, 11 P. 2d 487. In that case the court recognized as valid a city ordinance requiring vehicles to come to a full stop at stop lines before entering boulevards.

In Ex parte Duncan, 179 Okla. 355, 65 P. 2d 1015, we said that cities have been clothed with full power to control and regulate streets and alleys therein and may exercise their police powers to the attainment of that end, citing sections 2, 3, 7, art. 18, Constitution, and sections 6380, 6397, 6410, O. S. 1931, 11 Okla. Stat. Ann. §§ 642, 660, 672. But an examination of those sections reveals no express authority to regulate traffic. The only express authority in the city to regulate the passing of vehicles in the streets is found in section 6394, supra.

Rule 7, aforesaid, would supersede the provisions of the statutes cited above, including section 6394, so far as the right of way of vehicles at street intersections is concerned. Under the rule of strict construction as expressed in Cain's Coffee Co. v. City of Muskogee, supra, any ordinance seriously conflicting with said rule 7 should be declared void unless it may be said that such ordinance is reasonably within the general powers delegated to cities to enact ordinances for the public safety such as are expressed generally in the sections above referred to.

In Westlake v. Cole, above, we said that an ordinance requiring vehicles to come to a stop before entering a street designated as a boulevard was not in conflict with rule 7; and similar ordinances were more or less recognized as valid in Yellow Taxicab & Baggage Co. v. Pettyjohn, supra, and in McIntire v. Burns, 172 Okla. 152, 42 P. 2d 143. But this court has never held valid a blanket ordinance, like the one in this case, providing in effect that all streets in the city running in a common direction shall be boulevards and that the traffic thereon shall have the right of way over traffic on all streets intersecting said boulevards.

The present ordinance would abrogate rule 7 without regard to conditions of traffic and without consideration of the ordinary elements reasonably necessary to legislation pertaining to the public welfare. There is nothing in the record to indicate that all streets in the city running east and west were more congested, or more important as ways of faster travel, than were the streets running north and south. In fact, all indication is to the contrary. In the in-

terest of general uniformity throughout the state, and in order to avoid serious confusion, ordinances of this character that would abrogate rule 7 as to every intersection in the city should be considered as repugnant to and in direct conflict with said rule, and held void. And we so hold.

The trial court erred in instructing the jury that the ordinance was superior to rule 7.

Plaintiff seeks to sustain the verdict under the rule that the vehicle first entering the intersection has the right of way (Sinclair Oil & Gas Co. v. Armour, 172 Okla. 442, 45 P. 2d 754). It is urged that the evidence sustains this contention. But it does not appear that this theory was presented to the trial court.

Plaintiff also insists that the verdict should be sustained for the reason that the defendant admitted that he exceeded the speed limit before reaching the intersection. But even if this matter was urged in the trial court, and the defendant was in this respect guilty of negligence per se, as urged by plaintiff (Fay v. Brewer, 181 Okla. 554, 75 P. 2d 425), still we have no way of knowing whether the jury thought the accident was the proximate result of the illegal speed or of the violation of the void ordinance.

The judgment is reversed and the cause remanded for a new trial.

CORN, V. C. J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS, J., absent.