Etta Lee **GORDON**, Appellee,

v.

**John W. BROWNING and Mid-Continent Casualty Company, a corporation,** Appellants.

No. 50298.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 1, 1977.

Released for Publication by Order of Court of Appeals Dec. 1, 1977.

■ ■ ■

Berringer, Briggs, Patterson & Eaton by A. A. Berringer, Tulsa, for appellee.

Gibbon, Gladd, Clark, Barnes & Taylor by Harry A. Lentz, Jr., Richard D. Gibbon, Tulsa, for appellants.

BOX, Judge:

An appeal by John W. Browning and Mid-Continent Casualty Company, defendants in the trial court, contesting the propriety of a jury instruction. The jury returned a verdict in favor of Etta Lee Gordon, plaintiff and appellee herein.

The parties stipulated to the facts for the purposes of appeal in lieu of a transcript of testimony. On December 7, 1973, plaintiff was driving a 1969 Chevrolet in a northerly direction on South Lakewood within the City of Tulsa. Defendant Browning was driving a 1964 Plymouth in a westerly direction on East 9th Street. This intersection was an unmarked intersection. The parties collided at approximately 12:05 P.M. with Defendant Browning's automobile approaching from plaintiff's right.

Plaintiff received injuries and sued Defendant Browning on a negligence cause of action requesting $28,902.38 in damages. Plaintiff had a policy of insurance with Mid-Continent granting uninsured motorist coverage. Inasmuch as Defendant Browning did not carry liability insurance at the time of the accident, Mid-Continent was named as party defendant. Defendant Browning denied liability and cross-petitioned for $116.00 property damage to his Plymouth.

Upon trial, defendants objected to the trial court's Instruction Number Seven which reads, in part:

You are instructed that the City Ordinances of the City of Tulsa, Oklahoma, are as follows:

. . . . .

Section 261. Unmarked Intersections.
The driver of a vehicle approaching an intersection without any traffic-control device to regulate the flow of traffic entering the intersection *shall yield the right-of-way to all vehicles already in the intersection* or to any vehicle approaching from his right whenever that vehicle is so close as to constitute an immediate hazard. (Emphasis added.)

. . . . .

Based upon comparative negligence, the jury determined plaintiff to have been 45% negligent and Defendant Browning 55% negligent and awarded $10,543.02 to plaintiff. Defendant Browning did not recover on his cross-petition.

On appeal, defendants assert one proposition for reversal: It was error for the trial court to instruct on the Tulsa City Ordinance, Section 261, instead of the pertinent state statute, 47 O.S.1971, § 11–401(b). We agree.

■ Under 47 O.S.1971, § 15–101, municipalities may only adopt traffic ordinances which do not conflict with the "Rules of the Road," Chapter 11 of Title 47. Section 15–101 provides:

§ 15–101. *Provisions uniform throughout state.*
The provisions of chapters 10, 11, 12, 13 and 14 of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and *no local authority shall enact or enforce any ordinance, rule or regulation in conflict with the provisions of such chapters* unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of such chapters. (Emphasis added.)

The issue becomes whether the Tulsa Ordinance on unmarked intersections conflicts with the equivalent state statute. The corresponding state statute is 47 O.S.1971, § 11–401(b):

§ 11–401. *Vehicle approaching or entering intersection.*

.    .    .    .    .

(b) When two vehicles enter or approach an intersection from different highways at approximately the same time, . . . the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

.    .    .    .    .

The difference between the Tulsa Ordinance and the state statute is that under the state statute the driver on the left must yield to the one on the right; whereas under the Tulsa Ordinance a driver yields to vehicles already in the intersection or the vehicle approaching from his right if said vehicle is, so close as to constitute an immediate hazard. After a review of the legislative history of Section 11–401(b), we conclude the Tulsa Ordinance is in conflict with the state statute and, therefore, must fail. *Constant v. Brown*, 189 Okl. 147, 114 P.2d 477. See generally 60 C.J.S. Motor Vehicles § 23b (1969).

In 1949, the legislature adopted a statute similar to the current Tulsa Ordinance, codified as 47 O.S.1951, § 121.6, which provided, in part:

§ 121.6. *Right-of-way.* (a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

.    .    .    .    .

The 1949 statute was repealed in 1961 and its successor is the statute which is in force today, 47 O.S.1971, § 11–401(b), supra.

■ There is a presumption that an amendment of a statute is intended to alter the former rule where the former rule's meaning was clear or judicially settled. *Irwin v. Irwin*, Okl., 433 P.2d 931. By virtue of the legislative action repealing 47 O.S. 1951, § 121.6, the legislature disapproved the language giving the vehicle who first enters an unmarked intersection right-of-way. As stated by the Supreme Court in *Sinclair Oil & Gas Co. v. Armour*, Okl., 45 P.2d 754, 756:

Cases . . . from other states . . severely criticize the rule and say that it is calculated to encourage drivers to a race for entrance to the intersection.

The action of the Oklahoma legislature shows intent to have the vehicle approaching from the right given right-of-way throughout the state. The Tulsa Ordinance containing language that vehicles "shall yield the right-of-way to all vehicles already in the intersection" conflicts with 47 O.S.1971, § 11–401(b) and deviates from the legislative intent to abrogate the rule embodied therein. The Supreme Court stated in *Constant v. Brown*, supra, at 479:

In the interest of general uniformity throughout the state, and in order to avoid serious confusion, ordinances of this character that would abrogate Rule 7 as to every intersection in the city should be considered as repugnant to and in direct conflict with said rule, and held void. And we so hold.

■ The trial court should give instructions based upon municipal ordinances only when the ordinances do not conflict with state statutes. *Jordan v. Johnson*, Okl., 315 P.2d 234; *Riss & Company v. Reed*, Okl., 301 P.2d 208. Inasmuch as Section 261 of the Tulsa Ordinances conflicted with 47 O.S.1971, § 11–401(b) and is accordingly void, the trial court erred in giving Instruction Number Seven, supra.

Plaintiff asserts that any error in the trial court's instruction was not reversible error. We disagree. The jury determined plaintiff to have been 45% negligent and defendant 55% negligent. Under these circumstances, we can not say that the jury would have come to the same conclusion if proper instructions had been given based upon state law. Reversible error was committed by instructing upon a city ordinance which contravened the Rules of the Road. We further find no merit to plaintiff's third proposition.

The judgment in favor of plaintiff-appellee is accordingly reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

REYNOLDS, P. J., and ROMANG, J., concur.