The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1) In view of the amendment to 43A O.S. 101 [43A-101] (1971), may the corporations set up to run the canteens therein authorized be dissolved? 2) If the answer to question number one is "yes", may the retained earnings from the corporate canteens be deposited in each institution's revolving fund? 3) If the answer to question number two is "yes", may the separate sets of records now kept for purposes of a separate audit be merged with those of each institution's revolving fund? 4) If the answer to question number one is "yes", would the use of retained earnings to buy new canteen equipment and to remodel canteens be within the intent of the legislation to use profits for the benefit of the patients? 5) May the salaries of canteen employees be paid from the operational appropriations to the institutions, the same as other employee salaries within the institutions? 6) If the answer to question number five is "yes", should the retained earnings on deposit in the payroll trust fund be returned to the institutions for use for the benefit of patients within the institution? From its enactment in 1953, 43A O.S. 101 [43A-101] (1971) provided: "There shall be established and maintained at each of the institutions within the department a canteen which shall be incorporated and self-supporting. The directors of each canteen shall be the superintendent, the business manager and the chaplain of the institution. All profits from each institution canteen shall be used exclusively for the benefit of the patients of the institution." In the last session the Legislature amended this statute. Title 43A O.S. 101 [43A-101] (1979), an amendment to 43A O.S. 101 [43A-101], provides in relevant part: "There may be established and maintained at each of the institutions within the department a canteen. Any profits from an institution's canteen shall be used for the benefit of the patients of the institution." The latter act deletes the mandatory "shall be established" and substitutes "may be established ;" it deletes the language ". . . which shall be incorporated and self-supporting . . ." without substitution; deletes the entire sentence designating the corporate directors; changes the last sentence by substituting "any profits" for "all profits;" and deletes "exclusively" without substitution. Where a statute was clear, amendment of that statute is indicative of the legislative intent to alter that law, Gordon v. Browning, 572 P.2d 605, (Okl.App. 1977), Irwin v. Irwin, 433 P.2d 931 (Okl. 1965). Where a statute expressly amendatory of another purports to set out fully all that it is to contain, any matter which was in the original section but not in the amendatory section is repealed by the omission, Parker v. Blackwell Zinc Co., 325 P.2d 958 (Okl. 1958). The mandate of 43A O.S. 101 [43A-101] (1971), requiring corporate structures for the canteens, was omitted from the amendment and thereby repealed. The amendment gives no authority to the Department or the institutions to authorize such corporations to operate the canteens. Agencies of the state are possessed only of those powers expressly granted by statute or necessarily implied therefrom. Considering the intended omission of the corporate method of operation of these canteens in the new amendment, we conclude that the corporation established by the Department to manage the canteens should be abolished and that function transferred to the Department itself. We further note in this regard that the Department is not required to establish or maintain canteens at each institution, as the new amendment changes the operative word from "shall" to "may." This change evidences an intent to make the establishment and maintenance of canteens permissive. The dissolution of these corporations requires the distribution of corporate assets. Questions concerning use and disposition of retained earnings and other accounts may be resolved by the laws concerning dissolution of corporations of this nature. The corporations in question are non-profit corporations by the definition of such corporations in 18 O.S. 851 [18-851] (1971). The corporations are also tax exempt entities under the language of26 U.S.C.A. 501(c)(3). In such a circumstance the provisions of 18 O.S. 864 [18-864] (1975) apply to the transfer of assets on the dissolution of the corporation. The latter statute provides in relevant part: ". . . the Articles of Incorporation of each non-profit corporation which is an exempt charitable, religious, literary, educational, or scientific organization as described in26 U.S.C.A. 501(c)(3) of 1954, shall be deemed to contain the following provisions: Upon the dissolution of the corporation the board of trustees shall, after paying or making provision for the payment of all the liabilities of the corporation, dispose of all the assets of the corporation exclusively for the purposes of the corporation in such manner, or to such organization . . . as the board of trustees shall determine . . . " (Emphasis added). Pursuant to this statute the Board of Directors of the corporations may transfer corporate assets to the Department. These assets may lawfully be transferred by the Boards to accounts maintained by the Department of Mental Health for holding funds for the benefit of patients at Department institutions. The funds must be placed in a revolving account to avoid lapse at the end of the fiscal year, as such lapse would frustrate the purpose of 18 O.S. 864 [18-864] (1975). Furthermore, such funds are the property of the patients as a class, subject to the discretion of the directors in disbursing such funds for the benefit of those patients. The acceptance of those funds by the Department imposes a fiduciary relationship on the Department, which dictates the funds be disbursed exclusively for the benefit of those patients. Upon the dissolution of the corporations, the directors may transfer the funds to a different entity. Dissolution dictates the affairs of the corporations be wound up, assets distributed, and accounts of the corporation closed. The retained earnings may be transferred to the Department to be placed in the institutional revolving funds for the purposes described above. The accounts maintained by the corporation should be closed on dissolution and finalized. As the funds may lawfully be transferred to the respective institution's revolving account, the funds so transferred by the directors must be accounted for within the records of that account, fully subject to the rules and regulations of the Budget Office. The funds so transferred were accumulated by the corporation as retained earnings. They constitute the profits of the corporation which, under the statutes authorizing such corporations, must be used ". . . exclusively for the benefit of the patients . . ." The funds transferred pursuant to 18 O.S. 864 [18-864] (1975) are to be used ". . . exclusively for the purpose of the corporation . . ." We must, therefore, conclude that the only purposes to which the corporate profits may be devoted are those exclusively for the benefit of the patients, as to do otherwise would frustrate the purpose of 18 O.S. 864 [18-864] and would violate the fiduciary duties of the Department created by the transfer. The question of whether these funds may be used by the Department to remodel existing canteen facilities must be measured by the exclusive benefit standard. The Department, being in a fiduciary relationship with the patients, must carefully guard against self-dealing. As the canteen operations become Departmental functions on dissolution of the corporations, it is difficult for this office to reconcile the use of these funds to remodel the canteens on a theory of indirect benefit to the patients with the prohibitions against self-dealing by a fiduciary and the requirement that the funds in question be used exclusively for the benefit of the patients. While we recognize that such remodeling may have an impact beneficial to the patients and that such determination is in essence a question of fact, as opposed to a pure question of law, it is the opinion of the Attorney General that the use of these funds for remodeling would be contrary to the Department's fiduciary duties and be outside the purposes for which these funds were generated. Accordingly, we cannot say that the use of these funds by the Department for the purpose of remodeling existing canteens would be a lawful use of the money. When the Legislature amended 43A O.S. 101 [43A-101] (1971), the language requiring the canteens to be self-supporting was deleted, as was the requirement that the canteens be run by a corporation. Under the authorities cited above, such deletion constitutes repeal. The authority to operate canteens now rests with the Department, and the canteens need not be self-supporting. As canteen employees are now employed by the Department rather than the canteen, the wages of such employees are to be paid by the Department from its operational budget. There is no statutory authority for the institutions to pay employees from canteen proceeds, and the corporate structure previously utilized to allow such a practice has been eliminated. The corporations operating the canteens have deposits in a payroll trust fund to pay employees of the corporate canteen. On dissolution of the corporation the Canteen employees will no longer work for the corporations. Wage claims of employees of the canteens for periods worked after the dissolution of the corporations are not claims against or debts of the corporations. Funds from these corporations which are not expended on corporate liabilities become assets of the corporation on dissolution and are subject to distribution for the exclusive purpose of the Corporation. These funds may be transferred to the institutions by the corporations for the exclusive benefit of the patients. They may not be used to pay canteen employees in Department-operated canteens. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) The corporations established to operate institutional canteens must be abolished, and their functions if continued must be performed by the Department of Mental Health through its respective institutions; (2) the retained earnings of these corporations may be transferred by their respective Boards of Directors to the Department and deposited in the respective institution's revolving account; (3) the Corporate records should be closed on dissolution and winding up, and the funds transferred should be accounted for within the records concerning the respective institution's revolving fund; (4) the funds so transferred may be used only for the exclusive benefit of the patients and the use thereof for the purchase of new equipment and remodeling of the canteens would violate the fiduciary duties of the Department in regard to these funds; (5) the salaries of employees of institutionally operated canteens may lawfully be paid from operational appropriations to the Department and its institutions; (6) the retained earnings of the corporations deposited in payroll trust funds must, after payment of corporate liabilities, be devoted exclusively to the benefit of patients at the respective institutions. (JOHN GREGORY THOMAS) (ksg)